# STATE OF MICHIGAN

# COURT OF APPEALS

MELVERN CHAPMAN and SANDRA
GALLIMORE,

Plaintiffs-Appellees,

v

ROBERT RINN and PENNY RINN,

Defendants-Appellants.

UNPUBLISHED
May 12, 2016

No. 326283
Clinton Circuit Court
LC No. 14-011331-CH

Before: HOEKSTRA, P.J., and O'CONNELL and MURRAY, JJ.

MURRAY, J. (*concurring in part, dissenting in part*).

As explained briefly below, I dissent from the majority's decision concluding that there was a genuine issue of material fact whether there was a breach of contract, but concur with the decision to reverse the trial court's order as to the appropriate remedy. Before turning to the merits, however, a few comments are necessary regarding defendants' position that plaintiffs' appellate brief was woefully inadequate.

As defendants accurately point out, plaintiffs have not set forth *any* court rule, statute or case law addressing *any* of the three substantive issues raised.[1] In many cases such a deficient brief could result in the court considering each argument abandoned, see *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959), as a party cannot "simply . . . announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998), quoting *Mitcham*, 355 Mich at 203. But, because this is a discretionary doctrine, it is not always applied *whenever* a brief is deficient. And, as everyone seems to recognize, this is a fairly straightforward case involving a written contract of less than a half page and the proper remedy to apply when the parties failed to conclude it, so herculean efforts are not necessary to decide the case despite the deficient brief. Counsel would be well-advised to submit briefs in the

---

[1] In fact, plaintiffs' appellate brief contains citations to only two cases, and those relate to the standard of review. But, even those cases are erroneously cited, as they are Supreme Court decisions cited as if they are contained in the Michigan Appeals Report.

-1-

future that contain the controlling law and citations to the record as required by court rule, see MCR 7.212(C)(6)&(7).

As to the merits, at the time the trial court decided the motion for summary disposition, see *Peña v Ingham Co Rd Comm*, 255 Mich App 299, 310; 660 NW2d 351 (2003), neither party was seeking to enforce the purchase agreement. The only dispute was whether—as defendant argued in pro per in the trial court—the truck given by plaintiffs to defendant was a down payment that was returnable upon the agreement falling apart, thus allowing defendant to keep it, or if was not, whether defendants had to return it with their costs being reimbursed. The only evidence on that issue was the contract itself, and it says nothing about the truck being a down payment or earnest money deposit of some sort. It was simply listed as one of the two forms of consideration for the plaintiffs' purchase of the land. Based on the language of the contract alone, *Calhoun Co v Blue Cross Blue Shield Mich*, 297 Mich App 1, 13-14; 824 NW2d 202 (2012), there was no genuine issue whether the truck was a deposit or down payment which defendants were entitled to retain. However, I would reverse on the remedy issue for the reasons stated in the majority opinion.

/s/ Christopher M. Murray